**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>DENNIS S. SIMOY,<br><br>        Defendant. | CRIMINAL CASE NO. 92-00010<br><br>**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)** |

Before the court is Defendant Dennis S. Simoy's *pro se* Motion for Reconsideration Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"). *See* Mot., ECF No. 136. Having reviewed the record and the relevant caselaw, the court deems the Motion suitable for submission without oral argument. The court hereby **DENIES** the Motion for the reasons stated herein.

## I. Procedural Background

On May 14, 1992, Defendant was found guilty of First-Degree Murder, in violation of 18 U.S.C. § 1111; and Robbery, in violation of 18 U.S.C. § 2111. *See* Jury Verdict, Dckt. No. 67 and Min., Dckt. No. 68. On August 28, 1992, Defendant was sentenced to a mandatory term of life imprisonment for First Degree Murder and 15 years for Robbery to run concurrently with the life sentence for First Degree Murder. *See* Min., Dckt. No. 79 and J., Dckt. No. 78. Defendant appealed, and the Ninth Circuit affirmed the conviction. *See United States v. Simoy*, 908 F.2d

751 (9th Cir. 1993).

On May 31, 2022, Defendant filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1) and, on October 14, 2022, the court denied the motion. *See* Mot., ECF No. 121 and Order, ECF No. 135. On December 1, 2023, Defendant filed the instant Motion. *See* Mot., ECF No. 136. Therein, Defendant argues that he is entitled to compassionate release under a new amendment to the policy statement of the United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. *See id.* at 2-4. Defendant specifies two newly added categories to U.S.S.G. Section § 1B1.13, the "Family Circumstances" category and the "Unusually Long Sentences" category. *See id.*

## II. Legal Standard

Although the Federal Rules of Criminal Procedure do not expressly permit motions for reconsideration, "post-judgment motions for reconsideration may be filed in criminal cases." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). Motions to reconsider should be construed as motions to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). *See Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir. 1984). The court has judicial discretion to decide whether it will grant or deny a motion for reconsideration on a ruling from a prior criminal proceeding. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6 (1980)).

According to the Ninth Circuit, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *DZ Bank AG Deutsche Zentral Genossenschaftsbank v. Choice Cash Advance LLC*, 608 F. App'x 497, 498 (9th Cir. 2015)

(quoting *Sch. Dist. No. 1J Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

The factors laid out by the Ninth Circuit are similar, although not precisely the same, to what is required under Civil Local Rule of Practice ("CVLR") 7(p).[1] The court finds that only the "change of law" factor found in both the Ninth Circuit's test and in CVLR 7(p)(1)(B) applies here, because Defendant's Motion is premised on an amendment to the U.S.S.G § 1B1.13. *See DZ Bank*, 608 F. App'x at 498, CVLR 7(p)(1)(B), and Mot. at 2-5, ECF No. 136.

The court construes *pro se* motions liberally and, therefore, the court will address the "change of law" factor as it pertains to Defendant's arguments. *See United States v. Seesing*, 234 F.3d 456, 462-63 (9th Cir. 2000).

### III. Discussion

On November 1, 2023, the United States Sentencing Commission amended its policy statement under U.S.S.G. § 1B1.13 ("Amendment 814"). *See* 2023 AMENDMENTS IN BRIEF, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited Jan. 22, 2024). Amendment 814 revises U.S.S.G. § 1B1.13, in part, by expanding the list of "extraordinary and compelling reasons" that may warrant a sentence reduction. *See id.* Defendant relies on two newly added categories in the Motion, (a) Family Circumstances and (b) Unusually Long Sentences. *See* Mot., ECF No. 136 at 2-4.

---

[1] CVLR 7(p) provides that "[m]otions for reconsideration are generally disfavored [and] . . . may be made only on the grounds of[,]" the following:

> (A) a material difference in fact or law from that represented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or

> (B) the emergence of new material facts or a change of law occurring after the time of such decision, or

> (C) a manifest showing of a failure to consider material facts presented to the Court before such decision.

1    a.  **Family Circumstances Category**

2       Under the new "Family Circumstances" category, "extraordinary and compelling

3  reasons" for a sentence reduction may exist on the following grounds:

4       (A) [t]he death or incapacitation of the caregiver of the defendant's minor
         child or the defendant's child who is 18 years of age or older and
5        incapable of self-care because of a mental or physical disability or a
         medical condition.

6
         (B) The incapacitation of the defendant's spouse or registered partner when
7        the defendant would be the only available caregiver for the spouse or
         registered partner.

8
         (C) The incapacitation of the defendant's parent when the defendant would
9        be the only available caregiver for the parent.

10       (D) The defendant establishes that circumstances similar to those listed in
         paragraphs (3)(A) through (3)(C) exist involving any other immediate
11       family member or an individual whose relationship with the defendant
         is similar in kind to that of an immediate family member, when the
12       defendant would be ***the only available caregiver*** for such family
         member or individual. For purposes of this provision, 'immediate
13       family member' refers to any of the individuals listed in paragraphs
         (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of
14       the defendant.

15 *See* U.S.S.G. § 1B1.13(b)(3)(A)-(D) (emphasis added).

16       Defendant does not identify a particular subsection in the "Family Circumstances"

17 category. After a review of the Motion, the court gleans that Defendant is referring to U.S.S.G. §

18 1B1.13(b)(3)(C) and (D). Defendant argues that he considers his aunt Jovita Santander Juarez,

19 his mother's younger sister, to be his second mother. *See* Mot. at 3, ECF No. 136. Defendant

20 alleges that his aunt took care of him and his siblings when they were children in the Philippines,

21 up until he and his siblings relocated to Guam in 1979 to be with their parents. *See id.* at 3-4.

22 Defendant asserts that Juarez is now 88 years old, living in the Philippines, with health issues.

23 *See id.* at 3. Specifically, Defendant and his sister believe Juarez may have dementia. *See id.* at 3-

24

4. When speaking with Juarez, Defendant asserts that she forgets the topic of conversation within seconds of speaking with her. *See id.*

Defendant asks the court to grant his Motion so he can be deported to the Philippines and care for Juarez, just like how she took care of him and his siblings when they were children. *See id.*

Although Defendant alleges that he considers Juarez to be like his "immediate family," specifically a second mother to him, Defendant does not establish that he is Juarez's only caregiver and, therefore, does not satisfy the new "Family Circumstances" category. *See* Mot. at 3, ECF No. 136 and U.S.S.G. § 1B1.13(b)(3)(D).

In order to satisfy the "Family Circumstances" category, the court needs more information as to why Defendant is the only person who can take care of Juarez. *See* U.S.S.G. § 1B1.13(b)(3)(D). Defendant alleges that his sister took a vacation to visit the Philippines to determine whether Juarez is suffering from dementia. *See* Mot. at 4, ECF No. 136. Defendant has not explained why his sister cannot care for Juarez. Additionally, when referring to the concerns Defendant has about Juarez's health, he writes that "[D]efendant [and] his ***siblings*** notice" that Juarez can be forgetful over the phone. *See id.* at 3-4 (emphasis added). Based on his motion, Defendant may have more than one sibling and, if he does, he has not explained to the court why his siblings cannot care for Juarez. Defendant has also not explained whether Juarez has family members beyond Defendant and his siblings, like children of her own or other relatives living in the Philippines capable of caring for Juarez. Ultimately, the court finds that Defendant's argument under the "Family Circumstances" requirement is insufficient because he has not established why he is Juarez's only caregiver. Therefore, Defendant is not entitled to Compassionate Release under the new "Family Circumstances" category.

### b. Unusually Long Sentence Category

Under the new "Unusually Long Sentence" category, "extraordinary and compelling reasons" for a sentence reduction may exist

> [i]f a defendant received an unusually long sentence and ***has served at least 10 years of the term of imprisonment***, ***a change in the law*** (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but ***only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed***, and after full consideration of the defendant's individualized circumstances.

*See* U.S.S.G. § 1B1.13(b)(6) (emphasis added).

Defendant was sentenced to life imprisonment in 1992 for First Degree Murder, in violation of 18 U.S.C. § 1111; and 15 years for Robbery, in violation of 18 U.S.C. § 2111, to run concurrently. Therefore, Defendant has served at least 10 years of his term of imprisonment. *See* J., Dckt. 78 and Min., Dckt. 79. Although Defendant has served at least 10 years of his sentence, he has not identified a change in the law that would demonstrate a "gross disparity between the sentence being served and the sentence likely to be imposed at the time" this Motion was filed for his First-Degree Murder or Robbery charges. *See id.*

In *United States v. Lii*, 528 F. Supp. 3d 1153, 1166-67 (D. Haw. 2021), the District Court of Hawaii granted a compassionate release motion and found it was justified because of the "grossly disproportionate" life sentence defendant received and the 15-year sentence he would have received if sentenced today. In *Lii,* the court explained

> [d]efendant was convicted of distributing and possessing with intent to distribute approximately 100 grams of methamphetamine. At most, this offense suggests that [d]efendant was a low-to mid-level distributor of methamphetamine. For this conviction alone, [d]efendant would have faced a mandatory minimum of 10 years imprisonment and a Guideline range of 157 to 188 months (130 to 162 months if sentenced today). Instead, he was sentenced to life in prison under the pre-First Step Act

sentencing scheme based on two prior state court convictions for relatively minor drug offenses (selling 0.27 grams of cocaine for $50 and possessing 3.09 grams of cocaine, 0.06 grams of marijuana, and two glass pipes).

> ***The disparity between a 15-year sentence and a lifetime in prison is clear.*** But it is particularly striking when considering that [d]efendant was not a large-scale methamphetamine trafficker and his prior convictions were of a minor nature (that is, selling a very small quantity of methamphetamine in one, and the simple possession of a user quantity in another). Stated differently, ***the sentence enhancement triggered by [d]efendant's prior convictions for minor drug crimes was "enormous," creating an equally "enormous disparity" between his sentence and the sentence "Congress now believes to be an appropriate penalty for [his] conduct.***"

*See id.* at 1164-65 (quoting *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020)) (emphasis added) and *see also United States v. Roper,* 2023 WL 6807301, at *6 (W.D. Wash. Oct. 16, 2023) (holding that a five year reduction in the sentence defendant would have received today based on the First Step Act reforms is sufficiently grossly disparate "to warrant [compassionate] relief considering all other factors" defendant proffered).

Unlike defendant in *Lii*, who was subject to a lower sentence as a result of the First Step Act,[2] Defendant's sentence of life imprisonment would be the same today as it was when he was sentenced in 1992 for the charge of murder in the first degree, in violation of 18 U.S.C. § 1111. *See* J., Dckt. No. 78, and Min., Dckt. No. 79.

In 1991, 18 U.S.C. § 1111(b) provided that "[w]hoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto 'without capital punishment', in which event he shall be sentenced to imprisonment for life." *United States v. Gonzalez*, 922 F.2d 1044, 1049 (2nd Cir. 1991). In 1994, 18 U.S.C. § 1111(b) was amended to "read as follows: '[w]hoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life[.]" Violent Crime Control and Law Enforcement Act of 1994, 108 Stat

---

[2] First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

1796. Since the amendment in 1994, 18 U.S.C. § 1111(b) has not been amended.[3] If Defendant

was sentenced today under 18 U.S.C. § 1111, he would still be subject to a sentence by the jury

of the death penalty or life imprisonment. *See id.*

Therefore, this category does not apply to Defendant.

## IV. Conclusion

Based on the foregoing, the court **DENIES** Defendant's Motion for Reconsideration

without prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
        **Chief Judge**
**Dated: Feb 16, 2024**

---

[3] The latest amendment to 18 U.S.C. § 1111 was in 2003 which only amended § 1111(a) and (c) by inserting language regarding child abuse. Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (Protect Act), Pub. L. No. 108–21, 117 Stat 650.